NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-3425
_____


WILLIAM J. DONOHUE,
                              Appellant

v.

JEFFREY RINEER;
GEORGE CRONIN


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-10-cv-01324)
District Judge:  Honorable A. Richard Caputo


_____


Submitted Under Third Circuit LAR 34.1(a)
June 25, 2012

Before: SLOVITER, CHAGARES, and JORDAN, *Circuit Judges*


(Filed: June 26, 2012 )
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

William Donohue was acquitted of murder and conspiracy charges in connection with the death of his mother, Bernadette Lieben. Donohue later filed suit under 42 U.S.C. § 1983, alleging that investigating officers Jeffrey Rineer and George Cronin maliciously prosecuted him in violation of the Fourth Amendment.[1] The District Court granted summary judgment in favor of Rineer and Cronin, holding that (1) Donohue failed to show a lack of probable cause to initiate a criminal proceeding against him, and (2) Donohue introduced no evidence that Rineer and Cronin "acted maliciously or with an intent other than to bring the plaintiff to justice." App. at 23. Donohue timely appealed.[2]

Donohue argues that the District Court erred by concluding that there was probable cause to initiate his criminal proceedings. However, as Appellees correctly highlight, we need not reach this issue because the District Court's decision rests on an alternative ground. "To prove malicious prosecution under Section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure

---

[1] Rineer and Cronin filed a criminal complaint against Donohue, charging him with first and third degree murder and conspiracy to commit murder. The officers applied to a magistrate for an arrest warrant and supported their application with an affidavit of probable cause.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291.

as a consequence of a legal proceeding." *Estate of Smith v. Marasco*, 318 F.3d 497, 521

(3d Cir. 2003).  Here, Donohue does not challenge the District Court's holding that he

failed to produce any evidence suggesting that Appellees acted maliciously, thus waiving

the issue.[3]  *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well

settled that an appellant's failure to identify or argue an issue in his opening brief

constitutes waiver of that issue on appeal."); *Kauthar SDN BHD v. Sternberg*, 149 F.3d

659, 668 (7th Cir. 1998) ("[I]n situations in which there is one or more alternative

holdings on an issue, . . . failure to address one of the holdings results in a waiver of any

claim of error with respect to the court's decision on that issue."), *abrogated on other*

*grounds by Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010).  Because the

lack of evidence showing malicious intent is an adequate and independent ground for the

District Court's judgment, we will affirm.

---

[3] Donohue incorrectly states in his opening brief that the District Court "focused exclusively on the probable cause element."  Appellant's Br. at 11.  However, the Court relied on elements three (probable cause) and four (malicious intent) as independent reasons to dismiss Donohue's Section 1983 claim.  Donohue failed to file a reply brief with this court addressing the waiver issue.